UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D

FEB 1 8 2010

CLERK'S OFFICE
DETROIT

MAURICE A. POINTER,

      Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et. al.,
      Defendants,

_____/

Civil Action No. 2:10-CV-10589
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE
HONORABLE VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Maurice A. Pointer, ("plaintiff"), presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a civil rights complaint in this district against the defendants pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff claims that his constitutional rights were violated by the defendants while he was incarcerated at the Straits Correctional Facility in Kincheloe, Michigan. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

## I. DISCUSSION

In the present case, all of the actions complained of by plaintiff took place at the Straits Correctional Facility, located in Kincheloe, Michigan, which is located in the Northern Division of the Western District of Michigan. The defendants named in the complaint reside in the Western District of Michigan.

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones*, 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. §

1

1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr,* 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. Although plaintiff is currently incarcerated at the Gus Harrison Correctional Facility, which is located in this district, venue is more appropriate in the Western District of Michigan, because all of the "operative facts" in this case took place at the Straits Correctional Facility, which is located in the Western District of Michigan. *See Pierce v. Coughlin,* 806 F. Supp. 426, 428 (S.D.N.Y. 1992). Because the Straits Correctional Facility is the primary situs of the material events in plaintiff's civil

2

rights lawsuit, plaintiff's choice of forum has little weight in the Court's determination. *See Boyd v. Snyder,* 44 F. Supp. 2d 966, 971 (N.D. Ill. 1999). Finally, the witnesses and files necessary to prosecute these claims are located in the Western District of Michigan. For these reasons, transfer of this action to the Western District would be proper. *See Welch v. Kelly,* 882 F. Supp. 177, 180 (D.D.C. 1995). Accordingly, this matter will be transferred to the Western District of Michigan for further proceedings.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).


S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 18, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 18, 2010.


S/Gina Wilson
Judicial Assistant

**~~VIL~~ RIGHTS**                                    **PRISONER CASE INFORMATION SHEET**

Case No. 10-10589   Judge: Hood   M/J: Morgan   Staff Attorney: Besser

**Plaintiff's Name and Inmate Number:**              **Defendant's Name:**

MAURICE A POINTER          Inmate No. 542653      MICHIGAN DEPARTMENT OF CORRECTIONS ET AL

**Petitioner's Attorney/Address:**                   **Name of Correctional Facility:**

                                                     Gus Harrison Correctional Facility

                                                     2727 E. Beecher Street
                                                     Adrian, MI 49221
                                                     LENAWEE COUNTY

---

To: **STAFF ATTORNEYS**   From: **CLERK'S OFFICE** ◉ Detroit ○ Divisional   Clerk's Initials: DA   Date: 02/12/2010

**THE FOLLOWING DOCUMENT(S) HAVE BEEN PLACED IN YOUR ELECTRONIC INBOX:**

Litigation Printout:   ◉ Yes   ○ No

- [x] Order Re: Proceeding Without Prepayment of Fees and Costs
- [x] Civil Rights Information Sheet
- [x] Order Directing Service Without Prepayment of Fees and Costs
- [ ] Acknowledgment of Receipt of Documents
- [x] Order to Provide Additional Copies
- [ ] Order to Correct Deficiency
- [ ] Other: _____

**Deficiency:**

○ Yes   [ ] No IFP Application   [ ] No Fee   [ ] No Copies   [ ] No Signature   [ ] Other:
◉ No

**THE FOLLOWING DOCUMENT(S) HAVE BEEN PLACED IN YOUR INBOX IN THE CLERK'S OFFICE:**

- [ ] Motion
- [ ] Request for: _____

---

To: **DISTRICT COURT JUDGE**   From: **STAFF ATTORNEYS**   S.A. Initials: dhb   Date: 02/17/2010

**THE STAFF ATTORNEY WILL PREPARE THE FOLLOWING DOCUMENT(S):**

- [ ] Order to Show Cause (Three Strikes)
- [ ] Proposed Order of Summary Dismissal  (For consideration by a District Judge.*) *This determination is based on a preliminary screening of the pleading. If the Staff Attorneys subsequently conclude that a different disposition of the case is appropriate, they will notify chambers accordingly.
- [ ] Proposed Order of Partial Dismissal (of Defendants(s)) (For consideration by a District Judge.*) *This determination is based on a preliminary screening of the pleading. If the Staff Attorneys subsequently conclude that a different disposition of the case is appropriate, they will notify chambers accordingly.
- [x] Order of Transfer to: Western District of Michigan-will have Magistrate Judge Whalen review and sign.
- [ ] Other: _____

**ALLEGATIONS/DISCUSSION:**

In the United States District Court
For the ~~Eastern~~ District of Michigan

36

MAURICE A. POINTER 542653

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)

v.

MICHIGAN DEPARTMENT OF CORRECTIONS,
MEDICAL SERVICE PROVIDER,
MEDICAL UNIT DIRECTOR, et al.

Case:2:10-cv-10589
Judge: Hood, Denise Page
MJ: Morgan, Virginia M
Filed: 02-11-2010 At 03:26 PM
CMP POINTER V. MDOC ET AL (DA)

(Enter above the full name of the defendant or defendants in this action.)

## COMPLAINT

I.   **Previous Lawsuits**

**CAUTION: The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the required $350 filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $350 filing fee regardless whether your complaint is dismissed.**

A.   Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?   Yes ☐ No ☒

B.   If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below.
Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1.   Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

_____

2.   Is the action still pending?   Yes ☐   No ☐

a.   If your answer was no, state precisely how the action was resolved: _____

_____

3.   Did you appeal the decision?   Yes ☐   No ☐

4.   Is the appeal still pending?   Yes ☐   No ☐

a.   If not pending, what was the decision on appeal? _____

_____

5.   Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit?   Yes ☐   No ☐

If so, explain: _____

_____

(Last Revised: January 2007)

**Place of Present Confinement** STRAITS CORRECTIONAL FACILITY

If the place of present confinement is not the place you were confined when occurrence that is subject of instant lawsuit arose, also list the place you were confined: _____

III.    **Parties**

In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of Pla~~KRNKIEXWIGHT~~ MAURICE A. POINTER 542653 ~~NEALTNXNNIXXMANAGER~~

Address    STRAITS CORRECTIONAL FACILITY, 4387 W. M-80, KINCHELOE, MICHIGAN 49785

In Item B below, place the full name of the defendant in the first blank, his or her official position in the second blank and his or her place of employment in the third blank. Use Item C for the names, positions and place of employment of all additional defendants. Attach extra sheets as necessary. **State whether you are suing each defendant in an official or personal capacity.**

B.    Defendant LESLIE WIGHT _____ is employed as HEALTH UNIT MANAGER

at    STRAITS CORRECTIONAL FACILITY

C.    Additional Defendants    Lori Davis, RN 13, Eilene Conklin, Nurse Practitioner

STRAITS CORRECTIONAL FACILITY

_Asst. Deputy Warden-Housing: JACQueline NADEau, Provider_
_OF Foot Stool clearly MARKED "No Step"._

IV.    **Statement of Claim**

State here, as briefly as possible, the **facts** of your case. Describe how each defendant is personally involved. Include also, the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.

Upon intake at Straits Correctional Facility, I was interviewed by Lori Davis, RN 13, on 10-11-07. I informed her of my previous bodily injuries and my inablity to climb, also that I was not sure of my footing on the stool provided for inmates to gain access and exit the top bunk. I was told by RN 13 Davis, "To leave!"

1:15am on 10-11-07 in Straits Correctional Facility. Top Bunk, in a top Bunk, I tried to fix my assigned bunk while standing on a 2 foot high stool, provided for inmates to climb to the top bunk, I became unstable and I fell to the floor. RN 13 Davis came to my accident and grabbed me, pulling and jerking my left arm. I asked her not to do that, and RN 13 Davis replied, "I'm just trying to check your vitals." I replied, "Please don't." RN 13 Davis told Sgt. Mc Kay, "He doesn't want me to touch him. Well I'm going to check the camera to see if he just laid down, and if so, I'm going to make sure that he pays!" Upon my return from War Memorial Hospital in Sault Ste. Marie, I was told by Leslie White, Medical Unit Manager, "There is nothing wrong with you, you're just trying to steal a bunk, I'm not giving you nothing. I'll bet you'll be careful next time, and you know what you've got to do!" Medical Unit Director Leslie White, is referring to myself taking disciplinary action to resolve a medical situation!


I went to see Nurse Practitioner Eilene Conklin on 10-12-07 and she stated, "There's nothing wrong with you, you're not fat or have a limb missing, and you're not deformed, and I can find no reason to give you a bottom bunk detail. Exercise and walk to take away your soreness, because you don't need any medication and you can kite record's for your paperwork from the hospital and from KTF Straits Correctional Facility's Medical Service Provider, Tina Harvey, RN. T, a charge of $2.25 for 9 Pages of documentation from War Memorial Hospital." I immediately left because anything said or done could and would be construed into a Major Misconduct and Administrative Segregation and a security level change.

Relief

State briefly and precisely what you want the court to do for you.

To be placed in a Medical Facility that will Accommodate my medical needs and sleeping area. $500.00 for every day I'm forced to sleep on a top bunk. Punitive relief for negligence for basing their decisions on a visual evaluation instead of physical examination, and also, pain and suffering for having to take this situation to Federal Court. Filing Fees, Copy Fees, and Attorney Fees. Also, at this time I request $500.00 per day for everyday after 10-11-07 for not receiving proper medical care.

2·8·2010
**Date**

*Signature of Plaintiff*

---

## NOTICE TO PLAINTIFF(S)

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

HOME MAILING ADDRESS
15 EAGLE STREET. BATTLE CREEK, MI. 49037
269·968·8862

(Last Revised: January 2007)

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I __10/16/07__    Grievance Identifier: __KTF 0710 1/085 03A__

> Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MAURICE A. POINTER | 542653 | KTF | A-2-45 | 10-11-07 | 10-15-07 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? _____
If none, explain why. LESLIE WHITE - HEALTH UNIT MANAGER 10-11-07 350 PM

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

I DISAGREE WITH HER DECISION. AFTER HER RETURN'S FROM WAR MEMORIAL HOSPITAL SAULT STE. MARIE, I WAS TOLD THERE'S NOTHING WRONG WITH ME. YOUR TRYING TO SIGN A BOTTON BUNK YOUR NOT OVER WEIGHT, HIGGIES A LIMB OR DEFORMED ALSO TOLD YOU KNOW WHAT YOU GOT TOLD, BECAUSE I'M NOT SIGNING SOMETHING. SHE'S REFERRING TO ME TALKING A DISPLAINA ACTION'S TO RESOLVE A MEDICAL SITUATION AND I SHOULD NOT BE SUBJECTED TO A BIAS AND PREJUDICE ENVIRONMENTA ALL WHITE MEDICAL STAFF OF KTF. LESLIE WHITE IS BASING HER DECISION ON A VISUAL EVALUATION AND ANY MEDICAL EVALUATION IS BASED ON A PHYSICAL EXAM'S AS WILE VISUAL. THERE ARE SEVERAL INMATE'S THAT FIT MY EXTERIOR CRITERIA THAT HAVE BOTTOM BUNK'S. MY MOST RECENT INJURS WAS SUSTAINED HERE AT KTF ON 10-11-07 IN A-2-53 I'M STILL FORCED TO TOP BUNK OR FACE DISCIPLINARY ACTION AND I'M BEING DENIED MEDICAL AND THE THE DOCUMENTATION SENT ON MS BEHALF FROM WAR MEM WIAH HOSPITAL HER DECISIONS SHOULD NOT BE ALLOWED TO AFFECT THE RIGHTS OF THE D.O.C. IN HIS LIVING OR HEALTH CONDITION. BECAUSE THE MEDICAL DEPT IS NOT PART OF THE D.O.C. ALSO I SHOULD NOT BE FORCE TO INTO A DISCIPLINARY SITUATION TO RESOLVE A MEDICAL SITUATION. LESLIE WHITE IS UNPROFESSIONAL IN HER CONDUCT FOR BRING'S TO AN INMATE ATTENTION TO TAKE A DISCIPLINARY MEASURE TO RESOLVE HER BIAS AND PREJUDICE DECISIONS!    Maurice A. Pointer

Grievant's Signature

RESPONSE (Grievant Interviewed?)    ☐ Yes    ☒ No    If No, give explanation. If resolved, explain resolution.)

_(signature)_    10/23/7    _Karen Dennis_    10-24-07
Respondent's Signature    Date    Reviewer's Signature    Date

Theresa L. LaVin 'N    RN 12    Karen Dennis    RN 15
Respondent's Name (Print)    Working Title    Reviewer's Name (Print)    Working Title

| Date Returned to Grievant: 10/29/07 | If resolved at Step I, Grievant sign here. Resolution must be described above. | | |
|---|---|---|---|
| | | Grievant's Signature | Date |

DISTRIBUTION:    White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248· 12/97
CSJ-247 B

Date Received by Grievance Coordinator
at Step II: **NOV 5 2007**

Grievance Identifier | KTI-07V·10·1089·03A

NOV 2 6 2007

**INSTRUCTIONS:    THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.**

The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the denied copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

**RECEIVED MDOC**

NOV 29 2007
Grievance & Appeals

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _URF_
_(WARDEN)_ by _11/8/07_ . If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| POINTER MAURICE A | 542653 | KTF | A-2-45 | 10-11-07 | 11-4-07 |

**STEP II--Reason for Appeal** I HAVE NOT RECEIVED AN INTERVIEW OR NOTICE FROM KTF MEDICAL DEPT Under A CALLOUT NOR HAVE I RECEIVE A VERBAL SUMMON'S FROM A UNIT OFFICER SEE MEMORANDOM DATED 10-24-07 FROM A LETTER SENT TO WARDEN JERRI ANN SHERRY ON 10-11-07, I HAD NO EVALUATION BECAUSE I WAS NOT HELD IN THE MEDICAL DEPT, NB CONKLIN IS NOT QUALIFIED TO DIAGNOSIS MY PHYSICAL CONDITION AND WAR MEMORIAL HOSPITAL DIAGNOSISED MY MEDICAL CONDITION. DESENERATIVE DISC DISEASE OF MY SPINE WHICH LIMITS MY ABILITY TO CLIMB I REQUEST A BOTTOM BUNK TO ALLEVIATE MY PAIN AND STRUGGLE TO GAIN ACCESS TO THE TOP BUNK THAT I WAS ASSIGNED TO ME EVAN AFTER I FORE-WARNED DAVIS RN13 OF MY IMPAIRMENT ON 10-11-07 AT 10⁴⁵AM. AND ALSO WHERE MY ACCIDENT ACCURED A-2-45

**STEP II--Response**

Seeattached

Jeannie Stephen (Respondent's Name (Print))   Jeannie Stephen (Respondent's Signature)   11/15/07 (Date)

| Date Received by Step II Respondent: NOV 5 2007 |
|---|

| Date Returned to Grievant: 11/19/07 |
|---|

**STEP III--Reason for Appeal** I HAVE NOT RECEIVED ANY MEDICAL ASSISTANCE, TREATMENT FOR MY ER-VIS, AT WAR MEMORIAL HOSPITAL AND THE DETERMINATION FOR BOTTOM BUNK WAS MADE BY NP CONKLIN. REVIEW STEP ONE WISH IT STATEMENT I SENT MED. KITE 11-2-07 BLOOD PRESSURE. TEMPATURE CHECKED CHARGED 5°⁰ EVER ADDRESSED ISSUE'S IN MY MED. KITE DATED 11-2-07 I'VE BEEN ASKING FOR MEDICAL ASSISTANCE SINCE MY PLACEMENT FROM KCF LEVEL 4 11-28-06. JENNIE STEPHEN RN, MARC WEED KNOWINGLY HAVE DENIED MY REQUEST AND 06.12.2197 12F1 URF 0705115046   URF 0708 1520 13E   P.O.03 04 101 PARG   AD 03.03.130 PLIES STATEMENT. AR G.H 1 6.J.K3. 0705 12 12 2E   URF 0708 1720 12 B3 URF 0708 04 05 1205 12 E PER R   L P.O.03.02.130 PAR R REFUSAL

**NOTE:  Only a copy of this appeal and the response will be returned to you.**

**STEP III--Director's Response**  is attached as a separate sheet.

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

**DISTRIBUTION:    White--Central Office;  Green - Canary --Step III;  Pink--Step II;  Goldenrod--Grievant**

Michigan Department of Corrections          October 23, 2007          KTF-07-10-1085-3f

**Grievance Step I Response**                                        Pointer, #542653

The patient was scheduled to discuss his grievance on 10/19/07 but failed to appear.   The grievance was reviewed, and his issue appears to be inappropriate treatment. Investigation reveals on <u>10-11-07</u> the patient returned from the emergency room following a fall.     Per the ER report, CT and x-ray reports were negative other than <u>degenerative disc disease of the spine</u>.   The nurse advised the patient of the criteria for a bottom bunk and explained he did not meet the criteria.    She denies telling the patient there was nothing wrong with him and states she acted in a professional manner at all times.   The patient was scheduled with a medical service provider the following day.   At that time the MP confirmed a bottom bunk was not medically indicated.

Michigan Department of Corrections    November 9, 2007    KTF-07-10-1085-03f

**Grievance Step II Response**                                Pointer #542653

Investigation supports the Step I Response.  Medical records indicate that the patient was seen post ER visit for follow-up, on October 12, 2007.  It was determined that a bottom bunk detail was not medically indicated at that time.

Patient may contact KTF Health Care, if his back pain persists, so that he can be re-evaluated.

Jeannie Stephenson              *Jeannie Stephenson R.N.*         November 9, 2007
Respondent Name                 Respondent Signature             Date

THIRD STEP GRIEVANCE RESPONSE

Maurice Pointer #54653 ~ 542653
Grievance #: KTF-07-10-1085-03f

The Grievant presents an issue which alleges in October 2007 he was inappropriately denied a medical detail for a bottom bunk. Grievant wants a bottom bunk and other medical assistance as relief for filing this grievance. This grievance was processed at the local level in accordance with the provisions of Policy Directive and Operation Procedure 03.02.130 (Prisoner/Parole Grievances).

This investigator reviewed the record presented with the appeal to step three. All relevant information was considered. Based on the review, this writer finds staff properly responded to the grievance and addressed the merits of the main issue grieved. No additional information was provided to negate the step I and II responses. Grievant was assessed for a medical detail in accordance with PD-03.04.100 and 04.06.160. This grievance appeal is denied.

Approval Signature: _____    Date: 12/29/07

# V/12-17-07

CC: Warden
     Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I  _10/16/07_    Grievance Identifier: _KTF 10 10 07 1121E_

Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MAURICE A. POINTER | 342653 | KTF | A-245 | 10-11-07 | 10-12-07 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date?
If none, explain why. _LESLIE WHITE - HUM 10-11-07 3:45 PM_

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

ON 10-11-07, I HAD AN ENCOUNTER WITH DAVIS RN13 FOR INTAKE REASON'S UPON CONFIDING. CONVESING TO HER MY PHYSICAL IMPAIRMENT'S SHE BECAME UNPROFESSIONA 10-11-07. AROUND 1115 AM. I HAD AN ACCIDENT FOR WHICH I TRIED TO FOREWARN DAVIS RN UPON DAVIS RN13 CONVILS TO MY ACCIDENT SHE GRABB MY ARM IN A UNPROFESSIONAL MANN FOR ONE OF HER STATUE AND HAVING EXPERIENCE AND KNOWING I FALL, DAVIS RN13 LANGUASE REFERING TO YOU PEOPLE AND SHE'S GOING TO REVIEW CAMERA FOOTAGE TO MAKE SURE THA I FALL AND NOT JUST LAID DOWN AND SHE WOULD MAKE SURE THAT I PAID ANY MEDICAL BILL'S. HER ACTION'S ARE DEGRADING. BELITILING. HARRASSING. TAUNTING AND IN VIOLATION OF P.D. 03.03.130.
ALSO HER ACTION'S ARE DESCRIBED IN P.D. 03.02.130, MDPI. OCFI. ORFIII.

_Maurice A Pointer_
Grievant's Signature

RESPONSE (Grievant Interviewed?  ☐ Yes  ☒ No    If No, give explanation. If resolved, explain resolution.)

SEE ATTACHED MEMO

Respondent's Signature    Date _2317_    Reviewer's Signature _Karen Dennis_    Date _10-24-07_
Respondent's Name (Print) _Theresa L. Lovin_    Working Title _RN 12_    Reviewer's Name (Print) _Karen Dennis_    Working Title _RN 15_

Date Returned to Grievant: _10/29/07_

If resolved at Step I, Grievant sign here.
Resolution must be described above.    Grievant's Signature        Date

DISTRIBUTION:    White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

4835-4248 12/97
CSJ-247 B

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER/PAROLEE GRIEVANCE APPEAL FORM

Date Received by Grievance Coordinator
at Step II: _____

Grievance Identifier: **KTF021A10611128**

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (the pink copy - if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED MDOC
NOV 29 2007
Grievance & Appeals

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: *KTF*
*HEALTH SERVICE 11/8/07*. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| POINTER MAURICE A. | 542653 | KTF | A-2-46 | 10-11-07 | 12-6-07 |

**STEP II--Reason for Appeal** REGARDLESS OF THE GRIEVANCE AND STEP I RESPONSE I ASKING AND REQUESTING FOR ADEQUATE AND PROMPT MEDICAL ASSISTANCE AND TREATMENT FOR THE CONTINOUS PAIN I'M EXPERIENCING IN MY NECK, SHOULDER'S AND BACK AND ACCOMMODATION TO ALLEVIATE MY PAIN. STRUGGLE TO GAIN ACCESS TO ASSIGNED TOP BUNK A-2-46. 10-11-07 +3AM. 10-11-07-10 42AM FORE-WARNED RN13-DAVIS. 10-11-07-11 10AM. FAIL FROM 2 FOOT STOOL. 10-11-07-3:30AM RETURNED FROM WAR MEMORIAL HOSPITAL. EVALUATED BY LESLIE WISHT-HUM. PLACE BACK ON TOP BUNK A-2-46. 4:00PM. I BEING DENIED ADEQUATE & PROMPT MEDICAL ASSISTANCE. TREATMENT AFTER MY RETURN AND BEING DIAGNOSED BY A PHYSICIAN FOR DEGENERATIVE DISC DISEASE OF THE SPINE AT WAR MEMORIAL HOSPITAL - 34 W 1 STE MARIE, MI. IN VIOLATION OF P.D.03.03.130. READ POLICY STATEMENT AND PARAGRAPH'S G-H-I6-J-K-L P.D.03.02.130-PAR-K

**STEP II--Response**

Date Received by
Step II Respondent:

*(signature: Deeveharlew)*

*Jeannie Stephenson*              *Jeannie Steph...*              11/15/07
Respondent's Name (Print)         Respondent's Signature          Date

| Date Returned to Grievant: |
|---|
| 11/19/07 |

**STEP III--Reason for Appeal** AS PRINTED IN STEP I & II. AND ALSO I'VE SEEN NO DOCTOR. SINCE MY E.R. VISIT AT WAR MEMORIAL HOSPITAL LESLIE WISHT-HUM. PENN'S FILION RN. JEANNIE STEPHENSON, MARC WEST-HUM HAS NEVER ADDRESSED OR GIVEN ME ANY MEDICAL ASSISTANCE. TREATMEN

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III--Director's Response** is attached as a separate sheet.

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

DISTRIBUTION:    White--Central Office;    Green - Canary --Step III;    Pink--Step II;    Goldenrod--Grievant

A2-15

## Step III Grievance Response

**MAURICE POINTER**          **542653**

**KTF      07101061**

Grievant alleges that the nurse was unprofessional when she responded to his medical emergency of falling out of the bed.

The information presented upon appeal to step III has been reviewed in addition to the medical record. The step I and step II responses appropriately address the grievance. As noted, investigation did not support his allegation. Also as noted, additional issues brought up with his step II and step III appeal will not be addressed.

Grievance denied.

Response of Bureau of Health Care Services          Date:      12/14/2007

Approved: _____          Date: 12/27/07

Step III ID:  213199

C:          Warden

          Regional Health Care Administrator

          Grievant

1-7-08  4³⁰PK  NO ENVELOPE

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4247  10/94
CSJ-247A

**PRISONER/PAROLEE GRIEVANCE FORM**

Date Received at Step I __10/24/07__    Grievance Identifier: __KTF 07/10/ V 0918 1/24__

<table>
<tr><td colspan="6">Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.</td></tr>
<tr><td>Name (print first, last)</td><td>Number</td><td>Institution</td><td>Lock Number</td><td>Date of Incident</td><td>Today's Date</td></tr>
<tr><td>MAURICE A. POINTER</td><td>542653</td><td>KTF</td><td>A-2-45</td><td>10-11-07</td><td>10-19-07</td></tr>
</table>

What attempt did you make to resolve this issue prior to writing this grievance? On what date? _____
If none, explain why. __LESLIE WHITE  10-11-07  3⁵⁰ PM.__

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

SINCE MY RETURN FROM WAR MEMORIAL HOSPITAL SAULT STE. MARIE, 10-11-07 3⁵⁰PM
I HAVE RECEIVE NO MEDICAL AT ALL. UPON MYSELF TRYING TO CONVEY TO
LESLIE WHITE -HEALTH UNIT MANAGER OF MY PAIN AND DEFACULITS IN WALKING
SITTING AND TRYING TO NEGOTIAT THE TOP BUNK IN WHICH MY ACCIDENT ACCURE
FROM SHE BECAME IRRATE AND UNPROFESSIONAL. QOOTING THESE WORDS-I NOT
GIVING YOU NOTHING, THERE'S NOTHING WRONG WITH YOU-I'LL BET YOU WILL BE -
CAREFUL NEXT TIME, FOR A PERSON OF HER STATUE AND PROFESSION SHE'S VERY
UNPROFESSIONAL IN CONDUCT AND FOR HER MEDICAL PRACTICE, I FAIL TO MENTION TH
SHE TOLD ME -YOU KNOW WHAT YOU GOT TO DO! THERE ACTION'S ARE MEANT TO DISCOURAGE-
HARRASS. FRUSTRATE BROWN SKIN NATIVE AMERICAN'S FROM SEEKING MEDICAL ATTENTION
BECAUSE WE ARE THE ONLY INMATE'S COMPLAINING ABOUT _____ _Maurice A. Pointer_
MEDICAL.                                                          Grievant's Signature

RESPONSE (Grievant Interviewed?  ☐ Yes  ☒ No     If No, give explanation. If resolved, explain resolution.)

See attached memo

_Maria Pereira_  __10-30-07__          _Marie West_          __11-6-07__
                                                              __10-30-07__
Respondent's Signature        Date              Reviewer's Signature      Date
_Maria Pereira_          __RN__            _Marie West_          __HUM__
Respondent's Name (Print)    Working Title    Reviewer's Name (Print)    Working Title

<table>
<tr><td>Date Returned to Grievant: __11/9/07__</td><td>If resolved at Step I, Grievant sign here. Resolution must be described above.</td><td></td><td></td></tr>
<tr><td></td><td></td><td>Grievant's Signature</td><td>Date</td></tr>
</table>

DISTRIBUTION:   White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

DEC 1 3 2007

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248  12/97
CSJ-247 B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator
at Step II: _____ NOV 2 7 2007

Grievance Identifier | KTF021/A 1098 12E |

**INSTRUCTIONS:**   THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

RECEIVED MDOC

DEC 17 2007
URF
Grievance & Appeals

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to
_(WARDEN)_ by _11/28/07_  If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MAURICE A. POINTER | 592653 | KTF | A-2-45 | 10-11-07 | 11-22-07 |

**STEP II--Reason for Appeal** NEVER RECEIVED CALLOUT FOR KTF MED. DEPT. NO VERBAL. UNIT OFFICER FOR KTF MED. DEPT. HAVE NOT RECEIVED ANY MED. IN REGARD'S TO E.R. VISIT. LESLIE WISHT-HUM--MARIA PEREIRA. I'M NOT GIVING YOU NOTHIN. THERE'S NOTHIN WRONG WITH OU. YOU KNOW WHAT YOU GOTTA DO. BET YOU ALL BE CARFUL NEXT TIME. YOUR TRYIN TO STEAL A BUNK. 10-12-07. NP CONKLIN. TALK'S TO ME AS IF IM IMPAIRED. KNOW MY BODY BETTER THAN I. AFTER BEING ASKED TOO EXPLAIN, KTF MEDICAL STAFF BECAME'S ARGUMENTIVE I TERMINATE TO PREVENT A MAJOR MISCONDUCT AS THEIR RESOLUTION TO RESOLVE A MEDICAL SIT. KITED MED. DEPT. 11-2-07, 11-12-07. SEEN 11-05-07. TOOK BLOOD PRESURE-TEMP. CHARGED 5.00. NEVER NEVER ADDRESSED MY ISSUE'S AND REASON FOR KITE-CALLOUT. KTF MED. STAFF NEED'S ETHNIC AND RACIAL DIVERSITY COUNSELING

**STEP II--Response**

all Attached

Date Received by
Step II Respondent:
NOV 2 7 2007
NOV 3 0 2007

Jeannie Stephenson   Jeannie Stephen   12/3/07
Respondent's Name (Print)   Respondent's Signature   Date

Date Returned to
Grievant:
12/5/07

**STEP III--Reason for Appeal** I DISAGREE WITH STEP II. DERELICTION OF DUTIE'S EXTORTION OF MONEY. ABUS DENNIS. ADW NADEAU. MARC WEST-HUM. JEANNIE STEPHENSON PENNY FILION. LESLIE WISHT-HUM. HAVE NOT RECEIVED MEDICAL ASSISTANCE, TREATMENT OR ACCOMMODATION. LAST SEEN BY A DOCTOR 10-11-07. EMERGENCY ROOM WAR MEMORIAL HOSPITAL FOR A FALL FROM A 2 FOOT HIGH STOOL THAT'S CLEARLY MARKED "NO STEP". THEY DO NOT FOLLOW POLICY DIRECTIVE'S OR OPERATING PROCEDURE'S AND A GRIEVANCE MEAN'S NOTHING TO THESE PEOPLE

**NOTE:**  Only a copy of this appeal and the response will be returned to you.

**STEP III--Director's Response**  is attached as a separate sheet.

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of
Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

DISTRIBUTION: White, Central Office; Green, Canary, Step III; Pink, Step II; Goldenrod, Grievant

9243

## Step III Grievance Response

**MAURICE POINTER**          **542653**

**KTF**      **07101098**

Grievant alleges he is not receiving adequate medical care.

The information presented upon appeal to step III has been reviewed in addition to the medical record. The step I and step II responses appropriately address the grievance. Step I and step II responses are affirmed. Review of medical records show grievant has been assessed, evaluated and treated by the Medical Practitioner. Grievant has also been issued a special accommodation for a bottom bunk. Grievant is encouraged to follow the plan of care recommended and request follow up care as needed.

Grievance denied.

Response of Bureau of Health Care Services\WM          Date:     2/20/2008

Approved:_____          Date:     3/6/8

Step III ID:  213778

C:        Warden

            Regional Health Care Administrator          I

            Grievant

CSJ-247 10/94
CSJ-247A

**_ _ _ DEPARTMENT OF CORRECTIONS**
**_ _ _ NER/PAROLEE GRIEVANCE FORM**

Date Received at Step I _10/21/08_     Grievance Identifier: K C F 0 8 1 0 9 1 2 8 3 1 2 8 E

> Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance
> procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Pointer Maurice A. | 542653 | KcF | B-3-96 | 10-16-08 | 10-17-08 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date?
If none, explain why. REKTED TO SEE DOCTOR - I STALLMAN. ON 10-9-88 AND 10-14-08.
NO RESPONSE TO REASON OF KITE'S SENT ON ABOVE DATE'S.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

GRIEVANCE IN REFERENCE TO SUSAN H. WILSON-NP. POOR SERVICE, UNPROFESSIONAL
CONDUCT-WILLS-LAUGHING, REFUSING TO OBEY P.O. 03.04.100 HEALTH SERVICE.
SUSAN H. WILSON. IN VIOLATION OF P.O. 03.03.130. FOR KNOWING MY
PHYSICAL PROBLEM'S THEN DENYING EXACTLY WHAT-WHAT I WAS THE
REASON ADDRESSED ON MEDICAL KITE DATED 9-26-08.
GRIEVANCE IN ACCORDANCE TO P.O. 03.02.130 PAR.-P.
INTENTIONAL. DELIBERATE. INDIFFERENCE'S
GRIEVANCE COORD. BERKINSER IN VIOLATION of P.O. 03.02.130 PAR K.
AND ALSO TOM MACKIE-AIADW.

_(signature)_
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☑ No     If No, give explanation. If resolved, explain resolution.)

SEE ATTACHED RESPONSE.

| _(signature)_ | 10/21/08 | _(signature)_ | 10/21/08 |
|---|---|---|---|
| Respondent's Signature | Date | Reviewer's Signature | Date |
| L. BERLINGER | C-C. | M C STORALD | A.D. |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title |

| Date Returned to Grievant: _10/22/08_ | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

Grievance response:
KCF-08-10-01283-28e
Pointer #542653, B-3-86

The date of incident is listed as 10-6-08 and today's date is listed as 10-17-08 with no explanation for the cause in delay of filing.

PD 03.02.130 states, "A grievance shall be rejected by the Grievance Coordinator if the grievance is filed in an untimely manner. The grievance shall not be rejected if there is a valid reason for the delay."

Grievance rejected.

Date Received by Grievance Coordinator
Step II _____ OCT 30 2008

Grievance Identifier | K | C | F | 0 | 8 | 1 | 0 | 0 | 1 | 2 | 8 | 3 | 2 | 8 | e |

**INSTRUCTIONS:   THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.**

The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: __KCF__ Warden's office by __10-31-08__ . If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Pointer | 542653 | KCF | B-3-86 | 10-16-08 | 10-28-08 |

**STEP II – Reason for Appeal** I REITERATE STEP I. EXPERIENCING PERSON WITH INTENTIONAL DELIBERATE INDIFFERENCE'S DENIED Medical HEALTHCARE THE REFUSE TO ALLOW ME TO SEE A DOCTOR AFTER 3 EVALUATION'S! FROM SUSAN H. WILSON-NP. 10-6-08. YENON BALL-NURSE SUPERVISOR-10-22-08. EVALUATED FOR FOOT FUNGUS ON 8-26-08. BACK SHOULDERS-9-30-08 BY MAT SIZER-RN AND BY SUSAN H. WILSON-10-6-08, 10-16-08. FOR HEMORRHOIDS BY DOCTOR T. STANMAN FILED TO RE KITE. NEVER RESOLVED MY PROBLEM'S. INVIOLATION OF P.D. 03.03.130 IN HUMANE TREATMENT! ALSO EXPERIENCING PERSON WITH INTENTIONAL DELIBERATE INDIFFERENCE'S FROM GRIEVANCE COORD. L. BETHINSEN 2/CONSTATACH TOM MACKIE (NEVER INTERVIEWED BY DEPARTMENT OBJECTED AT BY GRIEVANCE COORD. TO DETERMINE IF COULD BE RESOLVED AT STEP I. DENIED DUE PROCESS OF THE GRIEVANCE PROCEDURE INVIOLATION OF A.D. 03.02.130 PAR-K5 - P.D. 03.03.130 ...ETC.

Date Received by Step II Respondent: OCT 30 2008

**STEP II – Response**

SEE Attached

T. Mackie A/WARDEN | T. Mackie | 11/19/08
Respondent's Name (Print) | Respondent's Signature | Date

Date Returned to Grievant: 11/20/08

**STEP III – Reason for Appeal**

**NOTE:  Only a copy of this appeal and the response will be returned to you.**

**STEP III – Director's Response is attached as a separate sheet.**

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

DISTRIBUTION:   White – Central Office;   Green - Canary – Step III;   Pink – Step II;   Goldenrod – Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I  __4/3/08__          Grievance Identifier: __KTF0810.4 , 524 , 1 , 22__

> Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance
> procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MAURICE A POINTER | 552653 | KTF | A-2-83 | ON going | 4-3-08 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? _____
If none, explain why. __KITED LESLIE WIGHT-HUW. SEVERAL TIME'S: NO RESPONSE__

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

WHAT I SEEK AND MY BODS NEED's IS PHYSICAL THERAPY AND
REHABILITATION FOR A SLIP AND FALL ON 10-11-07, A-2-45TN WHICH
I INJURED MY LOWER BACK LEFT SHOULDER, RIGHT HIP.

_Maurice A. Pointer_
Grievant's Signature

════════════════════════════════════════════════

RESPONSE (Grievant Interviewed?  ☐ Yes  ☒ No    If No, give explanation. If resolved, explain resolution.)

See attached

_Theresa Lovin_          4/9/8
Respondent's Signature      Date
Theresa Lovin            RN 12
Respondent's Name (Print)  Working Title

_Lori L. Davis  RN 13_    4/9/08
Reviewer's Signature        Date
Lori L. Davis            RN 13
Reviewer's Name (Print)    Working Title

| Date Returned to Grievant: 4/11/08 | If resolved at Step I, Grievant sign here. Resolution must be described above. | _____ Grievant's Signature | _____ Date |
|---|---|---|---|

DISTRIBUTION:  White, Green, Canary, Pink — Process to Step One; Goldenrod --- Grievant

MAY 7 2008

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER/PAROLEE GRIEVANCE APPEAL FORM

4835-4248 12/97
CSJ-247 B

Date Received by Grievance Coordinator
at Step II:   APR 2 1 2008

Grievance Identifier: |K|T|F|0|4|0|4| |5|2|4| |1|2|4|

**INSTRUCTIONS:**   THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

RECEIVED MDOC

MAY 19 2008

KTF
Grievance & Appeals

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to
Wardens Office by  4/27/08 . If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MAURICE A. POINTER | 542663 | KTF | A-2-43 | 10-11-07 | 4-20-08 |

**STEP II--Reason for Appeal**

I REITERATE STEP I. MEDICATION AND A LOWER BUNK is NOT A
RESOLUTION Too HEALING!
RELIEF REQUESTED: To BE SEEN BY A DOCTOR ON A MONTHLY BASE'S
AND ALSO PHYSICAL THERAPY!

**STEP II--Response**

| | Date Received by Step II Respondent: |
|---|---|

see attached

_Jannie Stephens_      _Jannie Stephens_   4/20/08
Respondent's Name (Print)      Respondent's Signature      Date

| Date Returned to Grievant  4/30/08 |
|---|

**STEP III--Reason for Appeal** DELIBERATE INDIFFERENCE. NOT RESOLVED AT STEP I-II
PAST KILLINGS, INITIATIONS IN REGARD'S To 10-11-07. INCIDENT I'VE BEEN CHARGED!
5-9-08. KITED LESLIE WISHT-HUM. ALLERGIC REACTION TO FLEXERIL-TRAINS-HINE'S: no RESPONSE
ALSO WITHIN K.T.E. DATED 5-9-08. INFORMING THEM 90 DAY'S ASKED FOR BY STALLMAN 2-15-08 -5-15-08.
IS UP AND I WOULD LIKE TO BE SEEN BY A DOCTOR. RELIEF REQUESTED: PHYSICAL THERAPY!

**NOTE:  Only a copy of this appeal and the response will be returned to you.**

**STEP III--Director's Response** is attached as a separate sheet.

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of
Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

DISTRIBUTION:  White--Central Office; Green - Canary --Step III; Pink--Step II; Goldenrod--Grievant

## Step III Grievance Response

**MAURICE POINTER**          542653

**KTF**     0804524

*KCF*

Grievant alleges that he is being denied care because physical therapy was not ordered following his slip and fall.

All information presented upon appeal to Step III has been reviewed in addition to the review of corresponding electronic medical records. As noted in earlier responses, grievant has been assessed and the medical conclusion was that physical therapy was not indicated at this time. Grievant's disagreement with this medical conclusion does not support a claim of denial of care.

The Step I and II responses are affirmed. Grievance denied.

Response of Bureau of Health Care Services          Date:     8/6/2008

Approved: _____          Date: _____

Step III ID:  219561

C:       Warden

         Regional Health Care Administrator          I

         Grievant

G-125

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I __4/9/08__    Grievance Identifier: __KTF A 0804 | 544 12I__

| Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library. | | | | | |
|---|---|---|---|---|---|
| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
| MAURICE A. POINTER | 542653 | KTF | ~~_____~~ | 4-8-08 | 4-8-08 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date?
If none, explain why. _STAFF CORRUPTION AS FAR UP AS THE WARDEN'S OFFICE !_

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

THIS GRIEVANCE IS WRITTEN TO REDRESS AND ALSO BRING TO KTF ADMINISTRATIVE STAFF. Run
ARUS. RUO'S. CLO'S!
THAT ON 10-11-07, 11:15AM, A-2-45. I FELL INJURING MY LOWER BACK, LEFT SHOULDER AN
RIGHT HIP.
4-8-08, 7:39AM, I WAS TOLD I HAD EXTRA DUTS. I WAS FORCED TO PUSH A KART AND DUMP
A MATRESS IN THE TRASH BEND OR FACE A MAJOR TICKET 010 - DISOBEYING A DIRECT OR
TRASH BEND OPENING MORE THAN 4FT FROM GROUND!
I HAVE PULLED SOMETHING AND MY BACK IS KILLING ME!
RELEIF REQUESTED - BE SUSPENDED FROM SEVERE DUTY - LIGHT DUTY ONLY!
P.O. 03.03.105C. REVIEW POLICY STATEMENT - SECTION'S A.B.C!
P.O. 03.03.130. SECTION - PRISONER'S SHALL NOT BE SUBJECTED TO PERSONAL ABUSE FROM STAFF

_Maurice A. Pointer_
Grievant's Signature

___

RESPONSE (Grievant Interviewed?    ☐ Yes    ☒ No    If No, give explanation. If resolved, explain resolution.)

___

_[signature]_                              _[signature]_
Respondent's Signature          Date __4-16-8__        Reviewer's Signature          Date __4-17-08__
_Theresa Lovin_    __RN 12__              _Leslie Wright_    __Huen__
Respondent's Name (Print)    Working Title        Reviewer's Name (Print)    Working Title

| Date Returned to Grievant: 4/22/08 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

MICHIGAN DEPARTMENT OF CORRECTIONS                    4835-4248  12/97
PRISONER/PAROLEE GRIEVANCE APPEAL FORM               CSJ-247B

Date Received by Grievance Coordinator
at Step II  _4/29/08_          Grievance Identifier  _KTF08104, 546, 12E_

**INSTRUCTIONS:   THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.**

The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you were provided
with a Step I resonse in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II
and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _KTF_
_Wardens Office_ by _5/5/08_ . If it is not submitted by this date, it will be considered terminated.

[stamp: RECEIVED MDOC MAY 1? 2008 Grievance & Appeals]

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MAURICE A. POINTER | 542653 | KTF | A-2-43 | 4-28-08 | 4-28-08 |

**STEP II** – Reason for Appeal ISSUED A MEDICAL DETAIL RELIEVING ME OF ANY PUSHING
PULLING, LIFTING AND TO BE RE-EVALUATED BY A DOCTOR FOR MY BACK CONDITION!
KITED 11-2-07, TO BE EVALUATED FOR AN ACCIDENT CHARGED 5-CO-PAY!
10-11-07, 11:10 AM, A-2-46, FELL FROM STOOL PROVIDED BY JACQUELINE NADEAU, ASS. DEPUTY
WARDEN OF HOUSING, TO GAIN ACCESS TO TOP BUNK!
STAFF CORRUPTION AS FAR UP AS THE WARDEN- THEY LIE THE OTHER COVER'S, CONDONE'S

**STEP II** – Response

[signatures]
_Dennis Ferguson_     _Jamie Flynn_     _4/3/08_
Respondent's Name (Print)    Respondent's Signature    Date

| Date Received by Step II Respondent: |
|---|
| APR 3 0 2008 |

| Date Returned to Grievant: |
|---|
| 5/5/08 |

**STEP III** – Reason for Appeal NOT RESOLVED AT STEP I-II, RELIEF REQUESTED: LIGHT DUTY ACCOMMO-
DATION,
PAST KITINGS, INITIATING FOR 10-11-08 INCIDENT, HAS RESULTED IN A CO-PAY OF $5.00
DELIBERATE INDIFFERANCE, R.N. MAYOR HAS PRIOR KNOWLEDGE OF INCIDENT ON 10-11-07,
BECAUSE SHE WAS HERE, EXPERIENCING RETRIBUTION, RETALIATION FOR GRIEVANCE WROTE AGAINST
FELLOW CO-WORKERS!

**NOTE:  Only a copy of this appeal and the response will be returned to you.**

**STEP III** – Director's Response is attached as a separate sheet.

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of
Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

DISTRIBUTION:   White – Central Office;   Green - Canary – Step III;   Pink – Step II;   Goldenrod – Grievant

## Step III Grievance Response

**MAURICE POINTER**          **542653**

**KTF       0804546**

Grievant alleges that there is staff corruption at the facility because he was charged a co-pay for his back injury and has not been provided a light duty assignment.

All information presented upon appeal to Step III has been reviewed. A disagreement with the medical conclusion of the attending provider does not equate to nor support a claim of staff corruption.

The Step I and II responses are affirmed. Grievance denied.

Response of Bureau of Health Care Services          Date:      8/7/2008

Approved: _____          Date: _8/20/08_

Step III ID:  219560

C:       Warden

         Regional Health Care Administrator          I

         Grievant

DEPARTMENT OF CORRECTIONS                                                           REV. 06/06
4835-3282

# NOTICE OF INTENT TO CONDUCT AN ADMINISTRATIVE HEARING

| Prisoner Number: | Prisoner Name: | Facility: | Lock: | Date: |
|---|---|---|---|---|
| 342653 | POINTER, MAURICE | KCF | E-1-48 | 1/31/09 |

| Reporting Staff Member Name (PRINT): | Title: | Reporting Staff Member Signature: |
|---|---|---|
| A. Laitinen | Accounting Assistant | |

**Nature of Hearing** (Property disposition, restriction, etc):

Health Care Co-Payment - 1/6/09 VISIT

**Reason for Hearing** (Describe events leading to this requested action. If property is involved, list all items and explain why taken):

Pursuant to PD 03.04.101 Prisoner Health Care Co-Payment, if a prisoner refuses to sign the CHJ-549, a NOI will be prepared and an Administrative Hearing conducted. The above named prisoner filled out Form CHJ-549 requesting Health Care services. The prisoner was seen by health care staff and instructions were given. It was determined by Health Care staff at the time of the visit that the prisoner should be charged a fee of $5.00 pursuant to PD 03.04.101. The prisoner refused to sign the CHJ-549 (copy attached) accepting the $5.00 Health Care co-pay charge.

**Proposed Disposition** (Indicate what action you believe should be taken to address/resolve the above matter):

NOTE:  Property dispositions are limited to the following:

- [ ] Photograph & return to prisoner it belongs to (except money/postage)
- [ ] Money/Postage - Turn over to PBF
- [ ] Store up to 30 calendar days for pick up
- [ ] Donate to charity as approved by the warden (property only)
- [ ] Mail at prisoner expense to person identified by prisoner
- [ ] Destroy (set forth reason below)

NOTE:  Non-property dispositions:

- [ ] Telephone restriction _____ days begins _____ ends midnight _____
- [ ] Remove from following program: _____
- [x] Remove $5.00 from prisoner's account (indicate reason below)
- [ ] Other (explain below)

**Additional Information** (cite relevant rule, policy directive, procedure or justification):

The Health Care co-pay must be paid by the prisoner for the requested health care service in accordance with PD-03.04.101, despite the prisoner's refusal to sign form CHJ-549. Payment will be processed, as appropriate, once the Business Office received a completed hearing report. If the prisoner lacks sufficient funds to pay the fee, to co-pay shall be considered and institutional debt and shall be collected as set forth in PD-04.02.105

Please provide Prisoner Accounting with one copy of the CSJ-144 Administrative Hearing Report.

- [ ] I understand and agree with the proposed disposition stated above and waive the right to a hearing.
  (to be checked ONLY if prisoner agrees with proposed disposition and does NOT wish to have a hearing.)

OR

- [x] I request a hearing. I have received a copy of this report. My signature does not necessarily mean that I agree with the report (to be checked ONLY if prisoner wishes to have a hearing).
- [ ] I waive the 24 hour notification of hearing requirements.

| Prisoner's Signature: | Date: |
|---|---|
| Refused to Sign | 2/10/09 |

| Copy personally handed to prisoner on this date by the following staff member: | | Date: |
|---|---|---|
| Staff Member Name (PRINT): | Title: | Staff Member Signature | 2/10/09 |

Distribution:  [ ] Record Office File    [ ] Counselor File    [ ] Prisoner

CSJ-144
REV. 12/01

## ADMINISTRATIVE HEARING REPORT

| Institution: | Prisoner's Name: | | Number: | Date of Notice: |
|---|---|---|---|---|
| RCF | POINTER | | 542653 | 1/13/2009 |
| Reporting Staff Member's Signature: | Block/Unit: | | Cell/Room: | |
| A. Laitinen | E-1 | | 48 | |

**Purpose of Hearing:**
MEDICAL CO-PAY

**REPORTING STAFF MEMBER'S STATEMENT:**
THIS PRISONER REQUESTED AND WAS EVALUATED FOR A HEALTH CARE CONCERN ON 1/06/2009 AND INSTRUCTIONS WERE GIVEN. HE REFUSED TO SIGN THE CHJ-549. IT WAS DETERMINED BY HEALTH CARE PERSONNEL AT THE TIME OF THIS VISIT THAT THE PRISONER SHOULD BE CHARGED THE $5.00 CO-PAY BECAUSE THE VISIT DID NOT MEET ANY OF THE EXCEPTIONS LISTED ON THE BOTTOM OF THE CHJ-549.

**PRISONER'S STATEMENT:**
Pointer refused to sign the NOI CSJ-282, therefore, an investigation was done and this hearing was completed. During the initial interview, Pointer stated that he did put in the health care kite to get his medications refilled, but, there was no call out for him and therefore he did not receive his medications and should not have to pay. Pointer stated that he did not go to health services.

**HEARING OFFICER'S FINDINGS (INCLUDE REASONS FOR FINDINGS):**
Hearings Officer reviewed Pointer's callout schedule for 1/06/2009 and note that Pointer did, if fact, have a call out scheduled to see the nurse for 0930 hours. Pointer's CHJ-549 Health Care Request was reviewed. It is noted on the form that Pointer refused to sign the form. As Pointer's visit to Health Care does not meet the criteria to be exempt from the co-payment, Pointer shall be responsible for the $5.00 payment.

**DISPOSITION OF ITEMS, IF ANY:**
Pointer must pay the co-payment of $5.00. This amount will be removed from his prisoner account.

| TYPE OR PRINT NAME OF HEARING OFFICER: | Signature of Hearing Officer: |
|---|---|
| ARUS G. SURIANO | Arus S |
| | **Date of Hearing:** |
| | Thursday, February 12, 2009 |

DISTRIBUTION: White - RO File; Canary - Central Office File; Pink – Prisoner; Goldenrod - Counselor File



**MICHIGAN DEPARTMENT OF CORRECTIONS**
**MEDICAL DETAIL**

**FACILITY: KTF**
**COMPLETED BY: Rachael A. Kronemyer**

**SITE: KTF**
**02/15/2008  12:29 PM**

---

Medlines at 1900 effective from 02/15/2008 through 08/31/2008
Order written by Rachael A. Kronemyer on 02/15/2008 at 12:29 PM

Approved by Timothy Stallman, DO on 02/15/2008 at  8:54 AM.

Provider: Timothy Stallman

**NAME: Pointer, Maurice a.**
**NUMBER: 542653**
**D.O.B: 05/23/1964**



**HEALTHCARE**

## MICHIGAN DEPARTMENT OF CORRECTIONS
### MEDICAL DETAIL

**FACILITY: KTF**

**SITE: KTF**

**COMPLETED BY: Timothy Stallman, DO**

02/15/2008  8:28 AM

---

Housing Detroit Park Hill Unit from 02/15/2008 through 02/11/2008
Order written by Timothy Stallman, DO on 02/15/2008 at 8:55 AM
Approved by Timothy Stallman, DO on 02/15/2008 at 8:54 AM.

Provider: Timothy Stallman

**NAME: Pointer, Maurice a.**
**NUMBER: 542653**
**D.O.B: 05/23/1964**

STATE OF MICHIGAN
## DEPARTMENT OF CORRECTIONS
LANSING

JENNIFER M. GRANHOLM
GOVERNOR

PATRICIA CARUSO
DIRECTOR

October 24, 2008

Pointer #542653  B-3-86
Kinross Correctional Facility
16770 South Water Tower Drive
Kincheloe, Michigan  49788

Mr. Pointer:

I am in receipt of your letter of October 22, 2008.  You state that Wendy Ball treated you unprofessionally and refused to let you see the medical practitioner.

Per your medical record and verified by other staff present you refused to cooperate with Ms. Ball's assessment.  You refused to answer her questions and simply ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  If you would like a referral to a ▓▓▓▓▓▓▓▓▓▓▓ you will have to rekite and cooperate with the health care staff on the day of your visit.  If you require a referral to a ▓▓▓▓▓▓▓▓▓▓ you will be referred for an appointment or the ▓▓▓▓▓▓▓▓▓▓▓will be asked to consult with the nurse during your evaluation for further intervention. Your failure to cooperate is what stood in the way of further treatment.

I encourage you to rekite if your problem persists and to cooperate with your evaluation.  Thank you.

Sincerely,

*Tanya L. Cunningham*

Tanya Cunningham, RN, HUM



STATE OF MICHIGAN

**JENNIFER M. GRANHOLM**
GOVERNOR

## DEPARTMENT OF CORRECTIONS
LANSING

**PATRICIA CARUSO**
DIRECTOR

November 14, 2008

$E-1-48$

Pointer #542653 ~~B-3-86~~
Kinross Correctional Facility
16770 South Water Tower Drive
Kincheloe, Michigan 49788

Mr. Pointer:

I am in receipt of your letter which is undated. In reviewing your medical record I see that you are being treated for ███████████████ These are both conditions which can improve, go away, and then recur. When you are uncomfortable we will treat you; when you are comfortable you should do fine.

Co-pays are charged whenever there is a patient initiated appointment that requires a nursing evaluation. Whenever you kite for another evaluation you will be charged. In reviewing your record I do not see any situations that need to be resolved.

Thank you.

Sincerely,

*Tanya Cunningham*

Tanya Cunningham, RN, HUM

## MICHIGAN DEPARTMENT OF CORRECTIONS
## REQUEST FOR SERVICES - KITE RESPONSE
### MEDICAL

**FACILITY: KCF**

**COMPLETED BY: Alan M. Manzardo, RN**

**SITE: KCF**

**10/10/2008  1:03 PM**

---

**Triage discipline:** MEDICAL      **Date Initiated:** 10/09/2008    **Date Received:** 10/10/2008

**Type of Request:** ROI kite

**Problem 1:**

    Complaints ~~Request bottom bunk renewal~~

    Triage: Nurse see comment below      Scheduled for on or about:
    Patient's perspective of urgency: (routine)
    Staff's perspective of urgency:  (routine)

**Comments:** Why do you request Bottom bunk ?  0 current order for bottom bunk you need reevaluation by
          RN

*23410765 BATCH 908206  11-5-07*

**NAME: Pointer, Mauricea.**
**NUMBER: 542653**
**D.O.B: 05/23/1964**

*0386*



## MICHIGAN DEPARTMENT OF CORRECTIONS
## SPECIAL ACCOMMODATION NOTICE

**FACILITY: KCF**
**COMPLETED BY:** ▅▅▅▅▅▅▅▅▅▅▅

**SITE: KCF**
**10/06/2008   7:36 AM**

---

**A. Housing:**
   **HJ: Extra Bedding/Clothing (extra pillow)** from 10/06/2008; ordered on 10/06/2008 at 8:00 AM
   by Susan H. Wilson, NP

Provider name: Susan H. Wilson

ORIGINAL

**NAME: Pointer, Maurice**
**NUMBER: 54265**
**D.O.B: 05/23/196**

**MICHIGAN DEPARTMENT OF CORRECTIONS**
**REQUEST FOR SERVICES - KITE RESPONSE**
**MEDICAL**

**FACILITY:  KCF**

**SITE:  KCF**

**COMPLETED BY:  Danielle L. Bartunek, RN**

**10/14/2008   1:32 PM**

**Triage discipline:** MEDICAL     **Date Initiated:** 10/14/2008   **Date Received:** 10/15/2008

**Type of Request:** symptom kite

**Problem 1:**

Complaints: Hemorrhoids inflamed/irritated:

Triage: schedule for sick call         Scheduled for on or about: 10/16/2008

Patient's perspective of urgency:

Staff's perspective of urgency:  (routine)

*B-3-86*

NAME:  Pointer, Mauricea.
NUMBER:  542653
D.O.B:  05/23/1964

## MICHIGAN DEPARTMENT OF CORRECTIONS
## REQUEST FOR SERVICES - KITE RESPONSE
### MEDICAL

**FACILITY: KCF**
**SITE: KCF**
**COMPLETED BY:** Penny L. Filion, RN
10/20/2008  12:20 PM

---

**Triage discipline:** MEDICAL    **Date Initiated:** 10/20/2008    **Date Received:** 10/20/2008
**Type of Request:** symptom kite

**Problem 1:**
Complaints: ████████ are "blown out";

Triage: schedule for sick call        Scheduled for on or about: 10/21/2008
Patient's perspective of urgency: (urgent)
Staff's perspective of urgency:

B386

**NAME:** Pointer, Mauricea.
**NUMBER:** 542653
**D.O.B:** 05/23/1964



**HEALTHCARE**

## MICHIGAN DEPARTMENT OF CORRECTIONS
## MEDICAL DETAIL

**FACILITY: KCF**
**COMPLETED BY: Matt Sizer, RN**

**SITE: KCF**
**09/30/2008 10:41 AM**

**HWB** effective from 09/30/2008 through 03/30/2009
Order written by Matt Sizer, RN on 09/30/2008 at 11:02 AM

Provider: Susan H. Wilson

ORIGIN

**NAME: Pointer, Maurice a.**
**NUMBER: 542653**
**D.O.B: 05/23/1964**

## CIVIL COVER SHEET FOR PRISONER CASES

Case No. 10-10589 _____    Judge: _Denise Page Hood_____    Magistrate Judge: _Virginia M. Morgan_____

| Name of 1st Listed Plaintiff/Petitioner: | Name of 1st Listed Defendant/Respondent: |
|---|---|
| MAURICE A POINTER | MICHIGAN DEPARTMENT OF CORRECTIONS ET AL |

| Inmate Number: 542653 | Additional Information: |
|---|---|

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221
LENAWEE COUNTY

**BASIS OF JURISDICTION**
☐ 2 U.S. Government Defendant
☒ 3 Federal Question

**NATURE OF SUIT**
☐ 530 Habeas Corpus
☐ 540 Mandamus
☒ 550 Civil Rights
☐ 555 Prison Conditions

**ORIGIN**
☒ 1 Original Proceeding
☐ 5 Transferred from Another District Court
☐ Other:

**FEE STATUS**
☒ IFP *In Forma Pauperis*
☐ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   ☐ Yes        ☒ No
   ➢ If yes, give the following information:

   Court: _____

   Case No: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   ☐ Yes        ☒ No
   ➢ If yes, give the following information:

   Court: _____

   Case No: _____

   Judge: _____